IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

AGSTAR FINANCIAL SERVICES, FLCA,

                Plaintiff,                Case No. 3:09 CV 2756

-vs-

                                              MEMORANDUM OPINION
VAN HAM DAIRY LEASING, LLC, et al.,           AND JUDGMENT

                Defendant.

KATZ, J.

This matter is before the Court on the Motion for Partial Summary Judgment Against Midwest Dairy Investments, LLC ("Midwest") (Doc. No. 110) filed by DeLaval, Inc. ("DeLaval"). The Court notes diversity jurisdiction under 28 U.S.C. §1332 and proper venue under 28 U.S.C. §1391. That motion, being unopposed, is hereby granted.

**I.    Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court views the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25.

Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)). The party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Ciminillo v. Streicher,* 434 F.3d 461, 464 (6th Cir. 2006); *Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071; *Bultema v. United States*, 359 F.3d 379, 382 (6th Cir. 2004) . The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**II.     Discussion**

DeLaval financed nine dairy operations for Midwest. As part of the arrangement, they signed an Equipment Financing Program Agreement ("EFPA") and, pursuant to the EFPA, executed notes for each dairy (the "Dairy Notes"). Midwest has been in default on both the EFPA and the Dairy Notes.

In addition, four of the dairies have disputes with AgStar Financial Services, FLCA and AgStar Financial Services, PCA (the "AgStar entities"). This case began as a suit by one of the AgStar entities against one of the dairies. DeLaval filed Counter-Claims and Cross-Claims in the suits by the AgStar entities which involved Midwest and any of the dairies governed by the EFPA. DeLaval and the AgStar entities settled their dispute with DeLaval dropping its Counter-Claims and transferring to the AgStar entities any portion of its Cross-Claims against Midwest and the dairies implicating an interest of the AgStar entities. DeLaval retained its Cross-Claims against Midwest involving the other five dairies.

DeLaval moves for summary judgment on the retained portion of Count 1 of its Amended Cross-Claim (Doc. No. 50) alleging breach of the EFPA and on four of the five Counts it retained for breach of the Dairy Notes (Counts 7-9 and 11) (the "Four Dairy Notes"). DeLaval asks for the balance of the Four Dairy Notes as of June 29, 2010 ($2,562,339.93), as well as interest, costs, and attorneys' fees.

Midwest has not opposed DeLaval's motion. Midwest has not offered any legal or factual attack on either the enforceability or applicability of either the EFPA or the Dairy Notes. Further, Midwest's Answer to DeLaval's Cross-Claim admits that payments have not been made. Doc. No. 67. As such, no jury could find other than that Midwest breached the EFPA and the Four Dairy Notes. Therefore, DeLaval is entitled to summary judgment as a matter of law.

**III.    Conclusion**

For the foregoing reasons, DeLaval's Motion for Partial Summary Judgment Against Midwest Dairy Investments, LLC (Doc. No. 110) is hereby granted. The Court grants DeLaval's request for judgment in the amount of $2,562,339.93 plus interest currently accruing and the costs and attorneys' fees expended in enforcing the EFPA and Dairy Notes. DeLaval is granted until July 20, 2011 to submit an itemization of such interest, costs, and attorneys' fees, with two weeks for response and one week for reply.

DeLaval still has Counts 12 and 13 of its Amended Cross-Claim (Doc. No. 50) pending before the Court.

IT IS SO ORDERED.

s/ *David A. Katz*  
DAVID A. KATZ  
U. S. DISTRICT JUDGE